[Civ. No. 654. First Appellate District.—November 15, 1909.]

## NORBERT GUILLON and CLAUDE GUILLON, Respondents, v. GEORGE W. McNEAR, Appellant.

ACTION FOR BREACH OF CHARTER-PARTY—DELAY IN RETURN CARGO—DEFENSE OF POWERLESSNESS NOT PROVED.—In an action to recover the stipulated demurrage for delay in securing a return cargo of grain, for a chartered vessel for sixteen days beyond the lay days provided for in the charter-party, where the defense was that it was beyond the control of the charterer to obtain the cargo at an earlier date, as excepted in the charter-party, evidence of the charterer, that fruitless efforts were made to secure cars from the Southern Pacific Railway Company for shipment of the grain, without any evidence to show where the grain to be shipped was located, or that it could not be shipped by other means of transportation, in time for the return trip, was insufficient to sustain the affirmative defense; and judgment was properly rendered for the plaintiffs.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Page, McCutchen & Knight, for Appellant.

William Denman, for Respondents.

KERRIGAN, J.—This is an action for breach of contract, based on the failure of the defendant to furnish cargo to a vessel belonging to the plaintiffs, called the "Jane Guillon," in fifteen weather days after the discharge of the inward cargo and notice of readiness served on defendant. The appeal is by the defendant from a judgment in favor of plaintiffs and from an order denying his motion for a new trial.

Plaintiffs allege that the defendant detained and held the vessel in demurrage beyond her lay days for a period of sixteen days, and that at the rate per day specified in the charter-party the plaintiffs were entitled to a named sum. The defendant admits that the vessel was delayed sixteen days, but averred in his answer and claims that in due time he had purchased a full cargo of barley for loading upon said vessel, but that the great demand for railroad cars and railroad service in California in the year 1906 made it impossible to bring the barley to the port of loading at the time specified in the charter, nor until sixteen days later. There is a provision in the charter to the effect, stating it broadly, that if the cause of the delay in giving the ship her cargo is a matter over which the character has no control, he shall not be liable for such delay; and the defendant claims that the facts of this case bring it within that provision.

The court in part found as follows: "That the defendant did not have on hand in warehouse or elsewhere prior to the arrival of the said vessel at the port of San Francisco, or at any time, a full or any cargo of barley intended for loading upon the said ship in fulfillment of the said charter-party or at all.

"That the defendant did not become, and was not, unable, by reason of any blockade, impediment or hindrance of railroad or other transportation service, to procure all or any of any intended cargo, for loading upon the said vessel, to be brought by rail or craft or otherwise to the port of loading before the thirty-first day of December, 1906, or at all, that the defendant was not prevented and was not unable to de-

liver the same to the said vessel by reason of any matter set forth in said answer.''

Defendant introduced evidence showing that he had made thirty-three contracts for the purchase of twenty-five thousand tons of grain, which was to be according to a certain sample, and which was to be delivered at Port Costa from points in the interior at some time in the future. There is, however, nothing in the record to show whether the different lots of grain were to be delivered in time to be loaded on this vessel according to its charter, nor indeed when deliveries were to be made. But granting for the sake of argument, that the defendant was the owner of the twenty-five thousand tons of grain, and passing the fact that twenty-two thousand tons thereof were brought to Port Costa and loaded on other vessels, the record does not sustain the contention of defendant that it was impossible to get the grain on time to the port of loading. It is true that defendant introduced evidence to show that he made every reasonable effort to get the Southern Pacific Railway Company to furnish the necessary cars and facilities for that purpose, but there was absolutely no evidence produced to show where in the interior the different lots of grain were located, or that they could not be shipped by transportation companies other than the railroad company mentioned. It is unnecessary to give the testimony in detail. To sum up the case briefly, it is sufficient to say that it entirely fails to sustain the affirmative defense.

The judgment and order are affirmed.

Hall, J., and Cooper, P. J., concurred.